UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary of Education,<br><br>*Defendants*. | Case No. 25-cv-3553-CRC |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR AN EXPEDITED BRIEFING SCHEDULE
AND FOR RELIEF FROM STANDING ORDER NO. 25-55**

The Government hereby files this opposition in response to Plaintiff's motion for an expedited briefing schedule and for relief from Standing Order No. 25-55. ECF No. 10. This case does not constitute the type of emergency that would require an exemption from this Court's Standing Order nor does it need to be briefed on the unnecessarily accelerated posture that Plaintiff contemplates. That is particularly so because Plaintiff's motion largely seeks summary judgment based upon an out-of-office message that the U.S. Department of Education ("ED" or the "Department") has changed and, as Defendants represent, will not revert back to during this lapse in appropriations.

**BACKGROUND**

On October 3, 2025, Plaintiff filed the instant complaint, alleging that the Department violated the First Amendment rights of its furloughed employees because of the allegedly partisan

1

content of its automatic out-of-office email messages regarding the lapse in appropriations. *See* ECF No. 1. That same evening, Plaintiff sent counsel for Defendants a letter demanding that the out-of-office message be changed or it would file a motion for a temporary restraining order. *See* ECF No. 9-1 at 6. On Monday morning, October 6, Defendants indicated that they had changed the out-of-office message to ensure that it no longer was framed in the first-person, removing any doubt that the message constitutes the personal views of an individual employee (if it ever did). Defendants represent that they will not change the out-of-office message to its original text during the length of this lapse in appropriations.

Based on that change, Plaintiff no longer seeks emergency relief. Rather, on October 7, 2025, Plaintiff filed its Motion for Summary Judgment, ECF No. 9, and the instant Motion for an Expedited Briefing Schedule and for Relief From Standing Order No. 25-55, ECF No. 10. Plaintiff's latter motion requests this Court to lift the district-wide stay as to the instant case and to order Defendants to respond to its summary judgment motion by October 14, 2025. *Id*.

## ARGUMENT

Plaintiff's sought relief is not appropriate for a number of reasons. This Court should deny Plaintiff's attempt to unduly expedite this case and instead should allow this case to proceed in the ordinary course.

*First*, Plaintiff's motion does not satisfy the requirements of the Anti-Deficiency Act. Executive Branch employees "are generally prohibited, with limited exceptions, from working during the pendency of the lapse in appropriations, even on a voluntary basis." *In re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations*, Standing Order No. 25-55 (Oct. 1, 2025) (JEB). Under the Anti-Deficiency Act, exceptions are limited to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342 ("As used in

this section, the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property."). The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id.* Defendants respectfully submit that conducting briefing on Plaintiff's motion for summary judgment, concerning a dispute over the content of an inactive, automatic out-of-office email message does not constitute such an emergency. *See People for the Ethical Treatment of Animals v. United States Dep't of Agric.*, 912 F.3d 641 (D.C. Cir. 2019) (Katsas, J. concurring) ("For one thing, the appeal obviously presents no emergency involving human safety or property; to the contrary, it involves only a question whether the Department of Agriculture must release certain information that the plaintiffs desire for their 'research and animal protection advocacy.'").

      To be clear, Defendants recognize that if this Court orders otherwise, they will be required to—and will—comply with this Court's order. But that fact does not render the Anti-Deficiency Act a nullity that can be overridden as a matter of course without consideration of the applicable statutory factors. *See, e.g.*, *Rubin v. Islamic Rep. of Iran*, 583 U.S. 202, 213 (2018) (noting that "one of the most basic interpretive canons . . . is that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.") (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)). Here, the Anti-Deficiency Act's factors are plainly not satisfied, nor has Plaintiff attempted to show that such an emergency is present. Tellingly, despite its earlier threats to do so, *see* ECF No. 9-1 at 6, Plaintiff here does not seek a temporary restraining order or a preliminary injunction.

Plaintiff asserts that "Defendants' conduct is causing ongoing First Amendment harm to Plaintiff's members." ECF No. 10 at 1 (citation omitted). But even if this purported injury stemming from ED's out-of-office email messages rises to the level of "emergencies involving the safety of human life or protection of property" under § 1342—which it does not—Defendants have already modified the automatic emails at issue to clarify that the content is a Department message and not a message from any individual employee. *See* ECF No. 9-1 at 7. The fact that Defendants have revised the automatic email—thereby sufficiently addressing any alleged First Amendment injury—should end this matter in its entirety, much less justify expedited summary-judgment briefing. Indeed, significant portions of Plaintiff's summary judgment motion—and much of their declarants' allegations of harm—address the *original* out-of-office message. *E.g.*, *id*. at 5, 9, 15-16; ECF No. 9-6, ¶ 8; ECF No. 9-8, ¶ 8; ECF No. 9-11, ¶ 8; ECF No. 9-12, ¶ 10; ECF No. 9-13, ¶ 9; ECF No. 9-14, ¶ 10; ECF No. 9-15, ¶ 15; ECF No. 9-16, ¶ 9; ECF No. 9-22, ¶ 9. The Department represents that it will not change the current out-of-office messages to those original messages while the lapse in appropriations is ongoing, and thus litigation about a past out-of-office message cannot involve an ongoing emergency that would justify relief from this Court's Standing Order.

*Second*, Plaintiff cannot show that the current out-of-office message justifies their accelerated litigation schedule. Plaintiff acknowledges that "Defendants revised the out-of-office messages in response to this litigation" but nonetheless contends that "the modification does not cure the constitutional defect . . ." ECF No. 10 at 2. At the threshold, Plaintiff contends that this issue remains reviewable—despite ED's revisions to the automatic email—because of the voluntary cessation doctrine. *See* ECF No. 9-1 at 6-7. But even assuming arguendo that there remains a live controversy—which this Court can address in the ordinary course—Plaintiff urges

4

this Court to "lift the stay in this case" merely "because delaying resolution of this matter would implicate the federal judiciary's core constitutional duty of hearing and deciding cases on a timely basis." ECF No. 10 at 2. That is true with every stayed case, however, including any number of stayed cases involving constitutional issues. But besides Plaintiff's conclusory insistence that there is a "serious constitutional question posed," *id*, Plaintiff proffers nothing to show that expedition is truly warranted, particularly in this lapse-of-appropriations posture. Nor is it enough to say that a case about a lapse in appropriations must be addressed *during* a lapse in appropriations. *See id*.

And with respect to the currently operative out-of-office message, Plaintiff's merits arguments are scant. *See* ECF No. 9-1 at 16-17. Plaintiff's primary complaint in this case was that the original out-of-office messages were written in the first person. ECF No. 1, ¶¶ 31, 46. That is no longer so. That, indeed, appears to be why Plaintiff is no longer seeking emergency relief under Rule 65.

*Third*, even to the extent that this Court lifts the stay, Plaintiff's proposed expedited briefing schedule is inappropriate. This case involves numerous potentially dispositive jurisdictional issues, including Plaintiff's associational standing and whether its suit is precluded by congressionally required channeling schemes. What is more, Plaintiff's invocation of the voluntary cessation doctrine is a tacit concession that mootness is a significant issue in this case. Defendants should be able to raise those jurisdictional arguments in the ordinary course in a Rule 12 motion, potentially obviating the need to reach the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Moreover, even if this Court permits Plaintiff to move straight to summary judgment, Plaintiff's proposed schedule does not contemplate Defendants filing a cross-motion for summary judgment, a usual practice in this district, and would preclude Defendants' ability to file a reply in support of that motion. It also provides only one week for

Defendants to address the, according to Plaintiff, "serious constitutional question posed"—with one of those days being a federal holiday.

Plaintiff speculates that such a schedule is necessary because of the "unknowable length" of the lapse in appropriations, but forcing Defendants to scramble to write a brief during a furlough and for the Court to render a decision in a non-emergency context is neither necessary nor appropriate, especially considering that the end of the lapse (and, presumably, of such out-of-office messages) would at a minimum moot out any urgency in so responding.

## CONCLUSION

The Court should deny Plaintiff's motion for an expedited briefing schedule and for relief from Standing Order No. 25-55.

Dated: October 8, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DIANE KELLEHER
Director, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director, Federal Programs Branch

*/s/James J. Wen*
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 598-7361
James.J.Wen@usdoj.gov

*Attorneys for Defendants*